UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLETCHER DARNELL SMALL,

     Petitioner,      Case Number: 1:16-cv-14443
                Honorable Thomas L. Ludington

v.

SHIRLEE HARRY,

     Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

On December 21, 2016, Michigan prisoner Fletcher Darnell Small filed a Motion for Relief from Judgment. ECF No. 1. Small is in the custody of the Michigan Department of Corrections pursuant to a conviction for felony murder.  His motion, which was docketed as a petition for a writ of habeas corpus, concerns his claim that the Genesee County Circuit Court incorrectly and unfairly recharacterized a pleading he filed as a motion for relief from judgment under Mich. Ct. R. 6.500.  Small's motion fails to comply with Federal Rule of Civil Procedure 3 or Rules 2(c) and (d), Rules Governing Section 2254 Cases in the United States District Courts. The matter, therefore, will be dismissed without prejudice.

### I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the Court

determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted).

## II.

The pending motion will be dismissed for failure to comply with Federal Rule of Civil Procedure 3 and Rule 2 of the Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Rules 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief.

Small's motion is not in the form of a habeas petition, nor is it in the form of a complaint as would be required to seek relief under 42 U.S.C. § 1983. The Court declines to construe the motion as a petition for habeas corpus relief or a complaint under § 1983 because it is unclear which of these, if either, Small intended to file. Small may want to assert additional or different claims for relief in a habeas corpus petition than those contained in this filing. If the Court construes the filing as a habeas petition, the filing of a second or successive habeas petition is

foreclosed unless Small obtains advance approval for the filing from the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b). If Small is so inclined, he may re-file this matter as a petition for habeas corpus relief and/or as a complaint under 42 U.S.C. § 1983. The Court will dismiss the motion without prejudice.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the motion should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, it is **ORDERED** that Small's motion for relief, ECF No. 1, is **DISMISSED without prejudice.**

- 3 -

It is further **ORDERED**, that a certificate of appealability and permission to appeal in forma pauris are **DENIED**.

Dated: January 23, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---

- 4 -